UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J&J SPORTS PRODUCTIONS,
INC.,

                              Plaintiff,

        – against –

ROSAURA VALERIO, *individually and
D/B/A* J J SPORTS BAR, *and* J J SPORT
BAR RESTAURANT CORP., *D/B/A* J J
SPORTS BAR,

                              Defendants.

**OPINION & ORDER**

19-cv-3653 (ER)

RAMOS, D.J.:

        Plaintiff J&J Sports Productions, Inc. ("Plaintiff") brought this action under the

Communications Act of 1934, 47 U.S.C. § 605, and the Cable & Television Consumer

Protection and Competition Act of 1992, 47 U.S.C. § 553.  Doc. 1.  On August 29, 2022,

the Court granted Plaintiff's motion for a default judgment.  Doc. 20.  Now before the

Court is Plaintiff's motion for attorneys' fees and costs.  Doc. 21.  The motion is

GRANTED with modifications.

I.      **BACKGROUND**

        Plaintiff alleges that, on May 7, 2016, Defendants exhibited a boxing match at

their restaurant in violation of Plaintiff's exclusive license.  Doc. 1.  Plaintiff initiated this

action on April 24, 2019.  *Id.*  On June 6, 2019, the Clerk of Court entered certificates of

default against both Defendants.  Doc. 12.  Plaintiff subsequently moved for a default

judgment on August 2, 2019 (Docs. 13–17), and the Court on January 19, 2021 ordered

Defendants to show cause by February 2, 2021 why the Court should not issue an order

of default judgment against them (Doc. 18).  Defendants did not respond, and the Court

entered a default judgment against Defendants on August 29, 2022 for $26,400 and

permitted Plaintiff to move for attorneys' fees and costs.  Doc. 20.  Plaintiff filed the

instant motion on September 23, 2022, seeking $1,600.00 in attorneys' fees and $1,123.00 in costs.  Docs. 21, 24.

## II.   LEGAL STANDARD

Under the Under the Communications Act of 1934, "the court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).  Accordingly, the default judgment entitles Plaintiff to an award of fees and costs.

The Supreme Court has instructed courts to determine the initial fee award by multiplying a reasonable hourly rate by the reasonable hours expended.  *See, e.g., Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019).  District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  "The reasonable hourly rate is the rate a paying client would be willing to pay."  *Id.*  To determine the reasonableness of the hourly rate, the Second Circuit has urged district courts to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Decastro v. City of New York*, No. 16-cv-3850 (RA), 2017 WL 4386372, at *3 (S.D.N.Y. Sept. 30, 2017) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

### III.   DISCUSSION

#### A.   Attorneys' Fees

##### 1.   Rate

Plaintiff argues that counsel Joseph P. Loughlin is entitled to a rate of $350.00 per hour based on his "experience and expertise in the filed of piracy."  Doc. 22 at 2. Loughlin's firm has "handled thousands of commercial signal piracy files over the last decade and a half."  Doc. 23 (Loughlin Decl.) at 2, ¶ 6.  Plaintiff also seeks to bill paralegal time at $100.00 per hour.  *Id.* at 2, ¶ 5.  Loughlin avers that his firm routinely bills at these rates.  *Id.*

Considering the range of awards granted in similar cases within the Second Circuit, the Court finds that the proposed hourly rate of $350 for Loughlin and $100 for his paralegal is reasonable.  *See, e.g., G&G Closed Circuit Events, LLC v. Torres*, No. 20-cv-3487 (RA), 2021 U.S. Dist. LEXIS 127584, at *3 (S.D.N.Y. July 8, 2021) (awarding $350/hour rate for lead counsel and $100/hour rate for paralegal in anti-piracy case attorneys' fees); *G&G Closed Cir. Events, LLC v. Batista*, No. 20-cv-5073 (NRB), 2021 WL 293150, at *3 (S.D.N.Y. Jan. 28, 2021) (same).

##### 2.   Hours

Plaintiff seeks attorneys' fees for a total of 9.75 hours worked on the underlying litigation, of which Loughlin worked 2.5 hours and the paralegal worked 7.25.  Doc. 23 at 5–6.  "The party seeking fees bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Shabazz v. City of New York*, No. 14-cv-6417 (GHW), 2015 WL 7779267, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *Savoie v. Merch. Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (internal quotation marks omitted)).  In this Circuit, a party seeking to recover attorneys' fees generally must submit contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done."  *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *accord Abdell v. City of New York*, No. 05-

cv-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015).  Courts nevertheless routinely grant fee awards "[w]here the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specificity."  *J&J Sports Prods., Inc. v. Doe*, No. 06-cv-1695 (JGK), 2008 WL 2965250, at *6 (S.D.N.Y. Aug. 1, 2008) (quoting *Johnson v. Kay*, 742 F. Supp. 822, 837 (S.D.N.Y. 1990)).

Here, Plaintiff has provided billing records that were "reconstructed via review of the files themselves."  Doc. 22. at 2; *see also* Doc. 23 at 2, ¶ 6.  Because these records are sufficiently detailed to allow the Court to review the reasonableness of the hours expended, the Court will grant attorneys' fees in spite of Plaintiff's failure to provide contemporaneous records.  *See, e.g., Torres*, 2021 U.S. Dist. LEXIS 127584, at *4 (granting award of attorneys' fees based on similarly reconstructed billing records).

Furthermore, the Court finds that, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *Charles v. City of New York*, No. 13-cv-3547 (PAE), 2014 WL 4384155, at *5 (S.D.N.Y. Sept. 4, 2014) ("A plaintiff is only to be compensated for 'hours reasonably expended on the litigation,' and not for hours 'that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983))).

Accordingly, the Court will award the requested $1600.00—$875.00 for his work (2.5 hours at $350/hour) and $725.00 for that of his paralegal (7.25 hours at $100/hour). *See* Doc. 23 at 6.

**B.  Costs**

Plaintiff seeks to recover costs associated with hiring an investigator, service of process, and filing the complaint.

*1. Investigative Costs*

With respect to investigative costs, Plaintiff has submitted what appears to be a redacted invoice for Omni Present Investigations. *Id.* at 8. The invoice contains a single $560 charge for the investigation into JJ Restaurant Sports Bar, Defendants' restaurant, and was billed to the Law Offices of Thomas P. Riley, P.C., rather than Plaintiff's counsel. *See id.* Loughlin also avers that "[b]ased on [his] experience in handling anti-piracy cases, it is [his] opinion that the fee for the auditor's investigation in this case is a reasonable fee." *Id.* at 3, ¶ 9.

The Court finds that Plaintiff has not met its burden of establishing entitlement to an award of investigative fees. As an initial matter, as recognized by other Courts in this district, "it is not clear that investigative costs may be awarded in this context [as] neither 28 U.S.C. § 1920 nor 47 U.S.C. § 605(e)(3)(B)(iii) expressly provides for the award of investigative fees and courts in this jurisdiction have declined to award investigative fees in similar circumstances." *J&J Sports Prods.*, 2008 WL 2965250, at *6 (collecting cases); *see also G&G Closed Cir. Events, LLC v. Llanos*, No. 20-cv-7388 (KMK), 2021 WL 1581079, at *2 (S.D.N.Y. Apr. 22, 2021) ("Courts are split on whether 47 U.S.C. § 605 permits recovery for investigative costs").

The Court need not resolve this issue, however, as Plaintiff has failed to adequately demonstrate that the investigative costs incurred were reasonable under the circumstances of this case, as required by "47 U.S.C. § 605(e)(3)(B) (iii)'s provision for 'full costs.'" *See Torres*, 2021 U.S. Dist. LEXIS 127584, at *7 (citation omitted). The redacted invoice provides no details about the nature of the work performed by the investigator, the time expended in carrying out those tasks, or the investigator's qualifications. Consequently, the Court is unable to determine whether $560 is a reasonable cost. Plaintiff's request for investigative fees is therefore denied for insufficient documentation, albeit without prejudice. *See id.*; *Llanos*, 2021 WL 1581079, at *2.

*2. Service of Process and Filing Fees*

Plaintiff is, however, awarded costs for service of process, for which it has provided invoices totaling $163.00 (Doc. 23 at 10–11), as well as filing fees totaling $400.00.  A  prevailing party is "plainly entitled" to such an award.  *Torres*, 2021 U.S. Dist. LEXIS 127584, at *7 (citation omitted).

## IV.    CONCLUSION

For the foregoing reason, Plaintiff's motion for attorneys' fees and costs is GRANTED, subject to the modifications discussed above.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 21.

It is SO ORDERED.

Dated:    August 25, 2023
          New York, New York

_____
       EDGARDO RAMOS, U.S.D.J.